United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 28, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-51026
SUMMARY CALENDAR

_____

DOEUR SON

Plaintiff - Appellant

v.

MARGO FRASIER, in her official capacity; DAVID BALAGIA;
PEGGY HILL, Cpt.; WOODS, Lt.; JOHN DOE A; JOHN DOE B;
JOHN DOE C

Defendants - Appellees

_____

On Appeal from the United States District Court for the
Western District of Texas, Austin Division
(A-01-CV-637)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Doeur Son appeals the summary judgment dismissal of his § 1983 civil rights complaint. In

the district court, Son alleged that while he was confined in the Travis County Jail as a pretrial

detainee he was subjected to excessive and unnecessary force, unconstitutional conditions of

_____

[1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

confinement, and disciplinary action without due process. Son also alleged that he was denied

medical treatment and library services, that he was confined to his cell twenty-three hours each

day and that, because he was shackled while outside his cell, he was denied meaningful recreation

time. He also claimed that the defendants opened correspondence containing confidential legal

materials.

On appeal, Son does not challenge the dismissal of his claims against the defendants in

their individual capacities. Furthermore, he does not challenge the dismissal of the claims against

the defendants in their official capacities for their alleged acts related to Son being denied access

to the library, denial of due process during disciplinary proceedings, and the opening of his

correspondence with his attorney.

We will not raise or discuss issues that the appellant has failed to assert. *Brinkmann v.

Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Although we may

liberally construe briefs to determine what issues are being presented for our review, issues not

raised at all are considered abandoned. *Huckabay v. Moore*, 142 F.3d 233, 238 n.2 (5th Cir.

1998).

As a result, our review is limited to the remaining official capacity claims against the

defendants. According to Son, the defendants knew, or should have known, about the conditions

of his confinement, which he contends amounted to cruel and unusual punishment. Son further

avers that said conditions were a result of policies, practices and customs in place at the Travis

County Jail.

We review a summary judgment dismissal using a de novo standard. *Olabisiomotosho v.

City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999). To defeat summary judgment, the

nonmovant must set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e). The nonmovant cannot meet his or her burden with conclusory allegations, unsubstantiated assertions, or with only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Son's claims against the defendants in their official capacities are treated as claims against the county. *Bennett v. Pippin*, 74 F.3d 578, 584-85 (5th Cir. 1996). A municipality is liable under 42 U.S.C. § 1983 only if: (1) the municipality has an official policy, practice or custom that could subject it to § 1983 liability; (2) the official policy is linked to the constitutional violation; and (3) the official policy reflects the municipality's deliberate indifference to the injury. *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002).

Son has failed to produce evidence of a policy, practice or custom of Travis County that caused the alleged constitutional violations. *See id.* at 263. Son's only references to a custom or policy are his statements that the conditions of his confinement were the policies of the Travis County Jail. Conclusory references to an alleged but unidentified policy are not sufficient to withstand summary judgment. *Little*, 37 F.3d at 1075. Accordingly, the judgment of the district court is AFFIRMED.